Hojrnblower, C. J.
By the 2d section of the charter of the borough of Elizabeth, the sheriff is to be elected by the freeholders and freemen of the borough. Elm. Dig. 632. By the supplement passed 24th February, 1830, Elm. Dig. 637, the jurisdiction of the borough courts was extended over the townships of Rahway, Union and Westfield, and the inhabitants of those townships, entitled to vote for township officers at their annual town meetings, were authorized to vote “for sheriff of the borough of Elizabeth for the ensuing year.”
By an act since passed, so much of the supplement of 1830, as relates to the townships of Rahway and Westfield, was repealed, leaving the township of Union still in connection with the borough for the purposes mentioned in the act.
The sheriff of the borough, by whom the grand jury who found this indictment, had been summoned and returned, was elected by the voters of the township of Union in conjunction with those of the borough ; and this is assigned as an error, on the ground, that by the terms of the act, the right of the inhabitants of the three townships above named to vote for sheriff of the borough, was limited to one year after the passage of the act of 1830, by force of the words “ for the ensuing year,” above quoted.
This is quite too strict a construction of the statute. We must not impute to the legislature an intention to make so useless and absurd a provision as to give the inhabitants of those townships the right to vote for sheriff for one year only, and yet subject them permanently to the jurisdiction, as jurors and parties, of the borough courts, unless we cannot avoid it. The meaning of the legislature undoubtedly was to give to the inhabitants of those townships the right to vote at every town meeting for a sheriff to *220 serve “ for the ensuing year,” that is the year ensuing each annual town meeting.
Another objection is that the sheriff summoned the grand jury, without any precept directed to him for that purpose.
This objection is certainly fatal to .the indictment, unless the precept has been dispensed with by statute. The case of The State v. Nichols, 2 South. 539, is conclusive upon this point.
The 5th and 6th sections of the act of 1794, Pat. Rev. required the clerk of this court, at least fifteen days before the time of holding the courts of oyer and terminer and general jail delivery to issue a precept to the sheriff commanding him to summon a grand jury, and also a precept to the sheriff to summon as many petit jurors as the judges of the oyer and terminer should direct.
By the act of 1819, Rev. laws 658, the 5th and 6th sections above mentioned were repealed, and the sheriffs are required to summon both grand and petit jurors for the courts of oyer and terminer and general jail delivery without any precept being issued for those purposes.
By the second section of the act concerning justices of the peace and courts of quarter sessions, passed in 1794, Pat. Rev. the courts of general quarter sessions of the peace of the several counties, are authorized to issue precepts to the sheriffs, for grand and petit jurors. But by an act passed the 2d November, 1822, (Harr. Comp. 21) this provision was repealed, and the sheriffs of the counties were directed to summon such jurors, without precepts for that purpose.
But these statutes have no reference to the courts of the borough of Elizabeth, by the 6th section of the charter of which (Elm. Dig. 634) the mayor, recorder, &c., are authorized to hold a court of common pleas; and by the 7th section the same officers are authorized to hold four courts “ of general sessions of the peace, in and for the said borough,” on certain days therein named, and full power and authority to inquire of, hear and-determine all manner of felonies, arising within the said borough, which to justices of the peace are incumbent &e. And by the 8'th section, the clerk of the borough is made clerk of the sessions, and empowered to do all and singular those things which to the office .of such clerk doth and shall appertain to do, execute and perform. And by the 2d section, the sheriff of the borough is *221 vested with all the power and authority within the borough, which the sheriffs of the several counties are vested with.
These are all t-he provisions in the charter that can have any influence on the question now before us'. Nothing is said specifically on the subject of summoning, empanelling or returning grand or petit jurors. The only power of the court and sheriff upon the subject is by implication, from the power to hold courts of common pleas and general sessions of the peace, to hear and determine all felonies &c.; and I think the grant of this power carried with it, the power of summoning and empanelling grand as well as petit jurors. But then, in the absence of statutory direction to the contrary, the grand jurors could only be summoned upon precepts issued out of the court, directed to the sheriff commanding him to do so; and petit jurors could only be summoned upon writs of venire facias issued to him in the respective causes to be tried.* In The State v. Nichols, 2 South. 539, which was on an indictment found in the sessions, before the act of 1822 was passed, the court said, “ a defendant can only be put to answer upon au indictment legally found and presented. A grand jury has no authority to inquire and present, unless legally impanelled : the sheriff is merely an executive officer; he executes the writs that are directed to him. They are his authority to act, and his guide and direction how to act. Without them he has no power. His authority to summon a grand jury arises only from theeommand of the precept. A jury summoned without it, is summoned altogether without legal right. Such a body is not a grand jury. It has no right to present, nor are its presentments sufficient to put the defendant on trial.” The act of February, 1819, Pat. Rev. 658, so far as relates to the court of oyer and terminer and general jail delivery, and the aet of 2d November, 1822, Har. Comp. 21, so far as respects the courts of quarter sessions of the counties, both now superseded so far as respects petit jurors, by the aet of 9th November, 1836, did away the old precept, which had always showed the authority for convening the grand jury, and substituted those statutes them *222 selves in the place of the precept; “ but they did not,” as Justice Ford said in the State v. Rickey, 4 Halst. 298, “ do away with the established practice of showing upon the record, the authority by which the jury was convened; and that omission in the record cannot be cured by any guess-work, intendment or presumption.”
The question then arises, do the provisions of the-act of November, 1822, dispensing with the precept for grand jurors in the quarter sessions of the peace of the several counties extend to or include the borough court of Elizabeth ? I think not. The only ground, upon which such an extension of the operation of that act can be urged, is that provision in the 2d section of the charter, which gives the sheriff of the borough all the power and authority, which the sheriffs of the several counties, are vested with. But the words are in the present tense; and that charter was passed in 1789, and while the sheriffs of the counties had no power or authority to summon grand or petit jurors, but by a special writ for that purpose.
My opinion therefore is that the sheriff of the borough of Elizabeth has no power to summon grand jurors, but by precept duly issued out of the court of “ general sessions of the peace” for the said borough, to him directed, and commanding him to summon such jurors.
Whether I am correct in what I have said or not, the next exception taken by the defendant is fatal, viz : “ that the return, or rather certificate of the sheriff accompanying the list of grand jurors in this case, does not show by what authority he summoned them, whether by writ or by virtue of the statute. The return is as follows : “ To the judges and justices &c. I Noah Woodruff sheriff &c., do hereby certify and return, that thé following named freeholders, qualified to serve as grand jurors have been by me duly summoned to serve as grand jurors in said court.” What was said by the court in the State v. Rickey, 4 Halst. 298, a part of which I have quoted, fully settles the insufficiency of the return or certificate of the sheriff in this cause. He does not say whether he acted according to the command of any writ, or simply by virtue of the statute; nor does it appear that he summoned the jurors in pursuance of any authority what *223 ever; and this omission, says Justice Ford, cannot be supplied, “ by any guess work, intendment or presumption.”
I am therefore of opinion the indictment ought to be quashed.

Indictment quashed,.

 I can find no act authorizing the sheriff to summon jurors in civil cases, in the circuit courts and common pleas, without process of ven. fac. until the late act, directing jurors to be drawn ; see Elm. Dig. 271, where the borough of Elizabeth is excepted from the act for drawing jurors.